UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL BATEMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF WASHINGTON, *et al.*,<br><br>    Defendants. | CASE NO.  C13-79-RAJ-JPD<br><br>REPORT AND RECOMMENDATION |

Plaintiff Daniel Bateman is currently confined at the King County Correctional Facility in Seattle, Washington where he is awaiting trial on unspecified charges.   He has filed a civil rights complaint under 42 U.S.C. § 1983 in which he alleges that he has been detained in the King County Jail for 87 days without a trial and that his attorney has not contacted him during the entire period of his detention.   Plaintiff asks that he be released from custody because his constitutional rights have been violated and he asks that he be compensated financially. Plaintiff identifies the State of Washington and the King County Correctional Facility as defendants in this action.

REPORT AND RECOMMENDATION
PAGE -1

Where a prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973). In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a § 1983 claim that calls into question the lawfulness of a plaintiff's conviction or confinement does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id*. at 489.

A decision in plaintiff's favor on his claim that he has been denied his constitutional right to a speedy trial or his right to counsel would necessarily imply the invalidity of his current confinement. However, plaintiff has not demonstrated that his ongoing confinement has been invalidated in any way. Thus, under *Heck*, plaintiff's § 1983 claim has not yet accrued, and is therefore not cognizable in this proceeding.

As plaintiff has not stated a cognizable claim for relief in these proceedings, this Court recommends that plaintiff's application to proceed *in forma pauperis* be denied and that this action be dismissed, without prejudice, prior to service, for failure to state a claim upon which relief may be granted under § 1915(e)(2)(B)(ii). A proposed Order accompanies this Report and Recommendation.

DATED this 17th day of January, 2013.

/s/ James P. Donohue

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -2